NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD MANGAN, *Appellant.*

No. 1 CA-CR 15-0424
FILED 1-28-2016

Appeal from the Superior Court in Maricopa County
No.  CR1992-093242
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Spencer D. Heffel
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1          Richard Wilmarth Mangan ("Appellant") appeals the trial court's finding that he violated two conditions of his probation and the subsequent reinstatement of his probation with additional terms. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and found no question of law that is not frivolous.  Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2          We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

¶3          On December 8, 1992, a grand jury issued an indictment charging Appellant with two counts of child molestation, class two felonies and dangerous crimes against children.  Pursuant to a plea agreement,

---

[1]      We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the events leading to the court's orders.

[2]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

Appellant pled guilty to two counts of attempted child molestation, each a class three felony and dangerous crime against children in the second degree. On July 19, 1993, the trial court suspended sentencing, placed Appellant on lifetime probation, and ordered that Appellant serve nine months in jail as a condition of his probation.[3] That same day, Appellant signed a form entitled "Maricopa County Probation Conditions for Sex Offenders," acknowledging the specific conditions of his probation.

¶4            On March 26, 2015, Appellant was arrested, and on March 30, 2015, his adult probation officer filed a petition to revoke his probation, alleging he had violated conditions 2, 11, 15, 15b, and 21 of his probation. Condition 2 prohibited Appellant from possessing or controlling any prohibited weapons as defined in A.R.S. § 13-3101. Condition 11 required Appellant to participate in "any program of counseling or assistance as determined by [the adult probation department]." Condition 15 required Appellant to pay fees imposed by the court. Condition 15b required Appellant to pay monthly probation service fees. Finally, condition 21 required Appellant to abide by the attached special conditions of probation for sex offenders. Pursuant to special condition 12 of probation for sex offenders, Appellant agreed to comply with the imposed curfew that required Appellant to seek permission to leave his home for any reason other than specified times for work, church, or to buy groceries.

¶5            At the May 7, 2015 probation violation hearing, the State advised the court it would only proceed on conditions 11 and 21-12. Appellant's probation officer testified Appellant violated condition 11 of his probation by missing and being late to scheduled sex offender group sessions, resulting in his discharge from treatment at Resolution Group, the program determined appropriate for Appellant by the probation department. The probation officer also testified Appellant violated condition 21-12 of his probation by leaving his home to take a polygraph examination and then going to court to file a petition for early termination of his probation without first notifying his probation officer.

¶6            Appellant testified at the probation violation hearing. He acknowledged the terms and conditions of his probation required him to attend sex offender treatment. He admitted being late for several sessions

_____

[3]        In 1995, pursuant to a petition to modify the conditions of Appellant's probation, the trial court subsequently deleted the term requiring that Appellant serve nine months in jail as a condition of his probation. Appellant served six days in jail in 1998 and twenty-one days in jail in 2011, however, for asserted violations of his probation.

and subsequently being discharged from the sex offender treatment program at Resolution Group. Appellant also acknowledged that, as a term or condition of his probation, he was required to comply with the curfew imposed by his probation officer, and he admitted that he failed to call his surveillance officer on March 26, 2015, before he left home for a destination not specifically approved by his curfew conditions.

¶7        The trial court found Appellant had violated conditions 11 and 21-12 of his probation. At the May 27, 2015 disposition hearing, the trial court reinstated Appellant's lifetime probation on both counts and ordered Appellant to serve twenty-five additional days in jail. Appellant filed a timely notice of appeal.

## ANALYSIS

¶8        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at the violation of probation hearing was substantial and supports the court's finding that Appellant violated the conditions of his probation, as well as the court's determination at disposition to reinstate Appellant's probation. Appellant was represented by counsel at all stages of the proceedings and gave a statement at the disposition hearing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶10 The trial court's finding of a probation violation and orders reinstating Appellant's probation and requiring Appellant to serve twenty-five additional days in jail are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama